## TOWER v. McDOWELL, Sheriff.

### No. 19,004; December 29, 1892.

#### 31 Pac. 843.

**Execution.**—Where, in Trover Against a Sheriff, who claimed to hold by virtue of a levy under an execution, plaintiff introduced in evidence the execution under which defendant justified the taking, and his return thereon, showing the levy and sale and amount received from such sale, the exclusion of oral testimony as to what the property sold for is not harmful to the defendant.

**Execution.**—Where It Appeared by the Sheriff's Return on an execution that a levy under it was not made until after the expiration of the life of the execution, such levy by a sheriff is without jurisdiction.

APPEAL from Superior Court, San Diego County; John R. Aitken, Judge.

Trover by Virginia A. Tower against S. A. McDowell, sheriff. From a judgment for plaintiff, defendant appeals. Affirmed.

Sprigg & Barber for appellant; Shaw & Holland for respondent.

VANCLIEF, C.—Action in the nature of trover to recover the value of certain personal property of plaintiff's, alleged to have been wrongfully taken and converted to his own use by the defendant. The defendant denied that the plaintiff owned or possessed the property at the time it was taken,

and alleged that it was then owned and possessed by F. C.
Tower, plaintiff's husband, and F. E. Bates, from whom de-
fendant, as sheriff, took it by authority of a writ of execution
against them in favor of the First National Bank of San
Diego. It was further alleged in the answer of defendant
that F. C. Tower and F. E. Bates made a bill of sale of the
property to plaintiff without consideration, and for the pur-
pose of defrauding their creditors, and that the sale was not
accompanied by an immediate delivery of the property, nor
followed by an actual or continued change of possession
thereof. The cause was tried without a jury, and the court
found the facts on all the material issues in favor of the
plaintiff, and rendered judgment accordingly for the sum
of $3,349.39. The defendant appeals from the judgment, and
from an order denying his motion for a new trial.

The evidence, though conflicting, on the issues as to value,
immediate delivery, and continued change of possession of
the property, is sufficient to justify all the findings of fact,
and the findings support the judgment; nor do appellant's
counsel seem to contend with much confidence to the contrary,
but in their reply brief say: ''The principal error complained
of by appellant on the trial, on the motion for new trial, and
on this appeal, is the refusal of the trial court to permit evi-
dence of the sums for which the property sold at a well at-
tended, fairly conducted auction sale, at which the bidding
was spirited, and the competition sharp.'' This refers to the
sheriff's sale of the property in question, consisting of the
stock of a livery-stable—horses, buggies, wagons and ap-
pliances, about fifty in number. Indeed, the only possible
ground for reversal available to appellant is that the court
erred in excluding or admitting evidence touching the issue
as to the value of the property, since the defendant did not
offer in evidence the execution under which he justified the
taking, nor any execution whatever, nor the return upon any
execution. The plaintiff, however, in rebuttal, put in evidence
the execution under which defendant justified (issued March
5, 1889), and the sheriff's return thereon, showing that he
received the execution on March 5, 1889, levied it on July 13,
1889, and sold the property on July 29, 1889, in separate
parcels, for the aggregate sum of $2,355.42. It thus appears
that the best evidence of what the property sold for was in-

troduced by the plaintiff, so that the rejection of oral evidence offered by defendant, even if competent, could not have injured him. Besides, it does not appear that the court excluded oral evidence of the aggregate sum for which all the property sold. Defendant asked one of his witnesses the following question: "Do you know whether or not the sheriff's sale of the property described in the complaint was advertised by printed handbills scattered through the cities of San Diego and Coronado?" This question being objected to, the defendant's attorney made the following offer: "We offer to prove by the witness and by others that the sale by the sheriff was thoroughly advertised in San Diego and Coronado Beach; that a large number of bidders were present at the sale, and there was a great competition in the purchase of the property, and that the property described in the complaint brought on the sale less than $2,000." Upon objection to this offer the court said: "I shall sustain the objection to the question. There is a part of the offer that is competent. The objection to the offer will be overruled." Yet the defendant did not then or afterward offer evidence of any part of what he had offered to prove, except that he afterward asked another witness what a single hack sold for, which was immaterial, without an offer to prove what all the property sold for.

By the introduction of the execution in evidence it further appeared that the alleged levy was not made until long after the expiration of the life of the execution, it having been issued on March 5th, and not levied until July 13th. Upon the execution are the following indorsements:

"S. A. McDowell, Esq., Sheriff of S. D. County.

"Sir: The within execution and judgment is properly assigned to C. L. Barber by the bank. We have further authority to represent said judgment.

"July 12, 1889.

"Yours, etc.,
"SPRIGG & BARBER, Atts."

"The within execution is hereby renewed, and the time of its return extended sixty days.

"July 13, 1889.

"SPRIGG & BARBER,
"Plaintiff's Attys."

These indorsements did not revive or renew the execution, and counsel for appellant do not so contend. At the time the defendant attempted to execute it by taking the property in question it was functus officio, and afforded no jurisdiction for the taking, and the defendant is liable for the taking to the same extent he would have been without any writ in his possession: Freeman on Executions, sec. 106, and case there cited. If the views above expressed are correct, all other questions mooted are immaterial. I think the judgment and order should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.